UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS, WESTERN DIVISION

Jurek Zamoyski
aka Jerzy Berowski

      Plaintiff

v.

Fifty-Six Hope Road Music Limited, Inc.,
Bob Marley Music, Inc., and Zion Rootswear LLC

      Defendants

08 CV 30125-KPN

Complaint
Jury Trial Demanded

1. This is a complaint for copyright infringement, 17 USC § 501, and unjust enrichment.

2. This court has jurisdiction pursuant to 28 USC §§ 1331 and 1338.

3. Plaintiff is an individual residing in Great Barrington, Massachusetts.

4. Defendant Fifty-Six Hope Road Music Limited is an International Company located in the Bahamas.

5. Defendant Bob Marley Music, Inc., is a domestic business corporation located in the State of New York.

6. Defendant Zion Rootswear, L.C. is a Florida limited liability company authorized to do business in Florida.

7. Venue is proper pursuant to 28 USC § 1391(b)(2) and (3) because all defendants reside in Massachusetts in that each is subject to personal jurisdiction there because each has significant contacts therein.

8. In 1994, Plaintiff created "Rasta Dreads", a 2-dimensional artwork. In 1995, Plaintiff created "Lion Zion", a 2-dimensional artwork. In 1996, Plaintiff created "Kaya Man", a 2-dimensional artwork. (The three artworks will be referred collectively herein as "Artworks" and images of them are attached as Exhibit A)

9. Plaintiff is the owner of federal copyright registration numbers VAu 640-915, for "Rasta Dreads," VAu 640-916 for "Lion Zion," and VAu 640-917, for "Kaya Man," all effective July 23, 2004, as 2-dimensional artworks. Copies of Plaintiff's copyright registrations are attached hereto as Exhibit B.

10. Prior to 2000, these Artworks were licensed by Plaintiff to Jurek International Graphics ("JIG") for commercial exploitation purposes.

11. Upon information and belief, JIG had direct and/or indirect agreements with some or all of the Defendants for the commercial exploitation of the artworks on t-shirts and other merchandise.

12. In 1999, Plaintiff was informed by JIG that all existing agreements for the exploitation of the Artworks had been revoked and that no more products utilizing the Artworks would be produced or distributed. Upon information and belief, JIG ceased doing business at this time.

13. Defendants or their agents or their affiliates have continued to reproduce, distribute, sell, and publicly display Plaintiff's Artworks throughout the world, on t-shirts, buttons, key chains, stickers and other merchandise, all without authorization from Plaintiff.

14. The images on the merchandise reproduced, distributed, sold and publicly displayed by Defendants are identical to Plaintiff's original Artworks, with the exception in some cases of the removal of Plaintiff's "Jürek" logo signature from the designs.

15. Defendants were at all times relevant hereto aware that Plaintiff was the author and creator of the Artworks.

16. Items of merchandise bearing images or Plaintiff's Artworks has been among the best selling items of merchandise marketed by Defendants, and have been marketed and sold on a world-wide basis.

17. Plaintiff has not received any payment for the use of his images after he was told by JIG that the agreements to exploit the images had been revoked. Upon information and belief, Defendants are paying no person or entity for their uses of the images.

AS AND FOR A FIRST CAUSE OF ACTION – Copyright Infringement

18. Plaintiff reaffirms and realleges paragraphs 1 through 17.

19. Defendants' creation, manufacture, distribution, sale, and display of the merchandise featuring Plaintiff's Artworks violated the rights conferred to Plaintiff pursuant to the Copyright Act, 17 USC §§ 101 *et seq.*, in that such merchandise incorporates the copyrightable elements of Plaintiff's federally registered work.

20. Defendants' infringement of Plaintiff's federally registered copyright was willful.

21. Defendants are therefore liable to Plaintiff for actual damages in the form of their profits or Plaintiff's foregone licensing fees or statutory damages in an amount not to exceed $150,000 for each act of infringement, and costs and fees, including attorney's fees.

AS AND FOR A SECOND CAUSE OF ACTION – Unjust Enrichment

22. Plaintiff reaffirms and realleges paragraphs 1 through 21.

23 Defendants exploited images of Plaintiff's Artworks on items of merchandise that were marketed and sold on a worldwide basis and Defendants derived substantial profits therefrom.

24. Defendants so exploited images of Plaintiff's artworks without the authorization or approval of Plaintiff, and without any payment since 1999.

25. It would be inequitable for Defendants to retain all of the proceeds derived from the exploitation of Plaintiff's Artworks.

26. This court should impose an equitable or quasi-contract between Plaintiff and Defendants such that Plaintiffs are entitled to a reasonable licensing fee and/or share of the proceeds realized by Defendants from the exploitation of Plaintiff's Artworks.

WHEREFORE, Plaintiff respectfully requests that this Court render judgment for Plaintiff and award damages and described herein and for such further and other relief as deemed proper.

Northampton, Massachusetts
June 23, 2008

_____
Peter Irvine
Mass. BBO #656538
Attorney for Plaintiff Jurek Zamoyski
76 King Street,
Northampton, MA 01060
(413) 587-0008

4

_____
Paul C. Rapp, Esq.
Attorney for Plaintiff Jurek Zamoyski
348 Long Pond Road
Housatonic, MA 01236
(413) 553-3189