# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT

## I. Introduction

Plaintiff Jurek Zamoyski hereby moves for summary judgment pursuant to FRCP 56 on his claim against Defendants for copyright infringement and on the counterclaims of the Defendants.

## II. Facts

The Court is referred to the narrative of this case contained in *Plaintiff's Opposition to Defendants Motion for Summary Judgment*, which in its totality is incorporated by reference herein, and to the Affidavit of Plaintiff Jurek Zamoyski.

## III. Undisputed Facts

The Court is referred to the *Plaintiff's Statement of Undisputed Facts in Support of His Motion for Summary Judgment*.

## IV. Argument

### A. The Standard of Review for a Motion for Summary Judgment.

Summary judgment should be granted when the moving party demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. F.R.C.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Warren Freedenfeld Assoc., Inc. v. Mctigue, et al.,* 531 F.3d 38, 44 (1st Cir. 2008).

It is not necessary for the moving party to negate the claims of the opposition. *Celotex,* 477 U.S. at 323. If the opposition contests material facts, it must demonstrate some real question as to those facts:

> Once the moving party establishes a prima facie case demonstrating the absence of a genuine issue of material fact, the non-moving party has the burden of presenting "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

*Maurizio v. Goldsmith*, 84 F.Supp.2d 455, 457 (S.D.N.Y. 2000).

As further described herein, there are no genuine issues of material fact with regard to the elements of Plaintiff's claim of infringement, and summary judgment should therefore be entered in Plaintiff's favor.

### B. Defendants Infringed Plaintiff's Copyrights.

The Copyright Act (17 U.S.C. §§ 101 et seq.) provides, *inter alia*, for the protection of pictorial and graphic works of visual art. 17 U.S.C. § 102. The owner of a copyright in such a work has for the term of the copyright the exclusive rights to, and to authorize others to, reproduce the work, prepare derivative works, distribute copies of the work, and publicly display the work. 17 U.S.C. § 106. "Anyone who violates any of the exclusive rights of the copyright owner … is an infringer." 17 U.S.C. § 501(a).

To prevail on a claim that a defendant infringed, a plaintiff must demonstrate (1) ownership of the copyright in the work and (2) that defendant copied the constituent elements of the work that are original. *Situation Management Systems v. ASP Consulting*, 560 F.3d 53, 58 (1st Cir. 2009). Defendants do not contest that they have manufactured, distributed and sold various items of merchandise bearing the images of the Items In Issue (Rapp Affidavit § § 8-9). The only issue before the Court is therefore the element of ownership of the copyrights to the Items In Issue.

Copyright ownership vests initially in the author of a work. 17 U.S.C. § 201.[1] It is undisputed that Plaintiff authored the three Items In Issue. (Defendants' Motion for Partial Summary Judgment, Undisputed Material Facts § 15, 25-31, Zamoyski Affidavit § 2).

The Plaintiff's ownership is further evidenced by his certificates of registration with the Copyright Office. (Zamoyski Affidavit § 34). [2]

As discussed at length in *Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment*, incorporated by reference herein, Plaintiff has never assigned, transferred, or in any other way divested himself of his ownership of his copyrights in the Items In Issue, and Defendants' arguments to the contrary fail as a matter of law. A transfer of copyright ownership "is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. § 204. Defendants have not, and cannot, produce such a writing.

Section 204 is a statute of frauds provision, invalidating "a purported transfer of ownership unless it is in writing." *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 556 (9th Cir. 1990). "Most importantly, section 204 enhances predictability and certainty of copyright ownership—'Congress' paramount goal' when it revised the Act in 1976." *Id.* at 557, *quoting CCNV v. Reid*, 490 U.S. 730, 749 (1989). "The rule is really quite simple: If the copyright holder agrees to transfer ownership to another party, that party must get

---

[1] "As a general rule, the author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection. § 102." *CCNV v. Reid*, 490 U.S. 730, 737 (1989).
[2] Defendants' claim of copyright ownership is belied by the fact that they have never registered or attempted to register the copyrights to the Items In Issue herein with the Copyright Office. (Cruijeras Deposition at 26-27, Rapp Affidavit Exhibit G).

5

the copyright holder to sign a piece of paper saying so. It doesn't have to be the Magna Charta; a one-line pro forma statement will do." *Effects*, 908 F.2d at 557.

Plaintiff did not, and never agreed to, "sign a piece of paper" assigning the copyright to Defendants or anyone else. In addition, there is no legal theory by which such a transfer and be implied or created.

Therefore, for the reasons explained above as well as in Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment, there is no issue of the material facts that Plaintiff is the owner of the copyrights to the Items In Issue, and that Defendants violated the exclusive rights granted to the Plaintiffs by the Copyright Act, namely, reproducing, distributing, and displaying the images of the Items In Issue. Therefore, Plaintiffs respectfully request that this Court grant Plaintiff's Cross-Motion for Summary Judgment, and find that the Defendants are liable for infringement of Plaintiff's copyrights to the Items In Issue herein.

### *C. Defendants' Counterclaims Must be Dismissed as a Matter of Law.*

Defendants have interposed four counterclaims in this proceeding:

1. Breach of Contract of the June 1995 Agreement between JIG and BMMI.

This claim must be dismissed for the simple reason that Plaintiff was not a party to the Agreement, and Defendants cannot articulate any theory by which Plaintiff might be otherwise held liable for any breach thereto.

2. Declaratory Judgment that pursuant to the June 1995 Agreement that Defendant Fifty-Six Hope Road Limited Inc. be declared the copyright owner of the Items In Issue.

This claim should be dismissed because neither Fifty-Six Hope Road nor Plaintiff were parties to the June 1995 Agreement, and further because none of the Defendants

6

have a cognizable claim to ownership of the Items In Issue, as comprehensively discussed in *Plaintiff's Opposition to Defendants' Partial Motion to Dismiss*.

3. Claim for attorneys fees and costs pursuant to M.G.L. c.231 § 6F for frivolous and bad faith claims.

Defendants' cause of action is itself frivolous. The Massachusetts statute governing frivolous and bad faith litigation applies only to cases brought in state courts and does not permit awards by federal district courts. *Brandon Associates v Failsafe Air*, 384 F.Supp.2d 442, 445 (D. Mass 2005).

4. Claim for treble damages, costs, and attorneys fees pursuant to M.G.L. c.93A §11 for unfair or deceptive business practices.

By any reading of the papers herein, Plaintiff has brought an objectively reasonable claim for copyright infringement, whether or not the claim is ultimately sustained by this Court, and so Defendants' claim under the Massachusetts unfair trade statute must fail. *Boothroyd Dewhurst v. Poli*, 783 F.Supp. 670, 677–79 (D. Mass 1991).

**V. Conclusion**

Based on the arguments and authorities presented here in and in Plaintiff's accompanying *Opposition to Defendants' Motion of Partial Summary Judgment*, Plaintiff respectfully requests that this Court grant Plaintiff's Cross Motion for Summary Judgment finding Defendants liable for copyright infringement of the Items In Issue and dismissing the counterclaims of the Defendants and for such other and further relief as the Court deems proper.

## REQUEST FOR RELIEF

Therefore, Plaintiff respectfully requests that this Court grant Plaintiff's Cross Motion for Summary Judgment finding Defendants liable for copyright infringement of the Items In Issue and dismissing the counterclaims of the Defendants and for such other and further relief as the Court deems proper.

## REQUEST FOR ORAL ARGUMENT

The Plaintiff further respectfully requests pursuant to L.R. 7.1(d) oral argument on his Motion for Summary Judgment.

## CERTIFICATE OF SERVICE

We hereby certify that this Motion, together with all documentary exhibits, filed through the ECF system was sent electronically to the registered participants as identified on the Notice of Electronic Filing at the time of filing.

September 4, 2009

Respectfully submitted,

*/s/ Peter Irvine*

_____
Peter Irvine
Mass. BBO #656538
Attorney for Plaintiff Jurek Zamoyski
76 King Street,
Northampton, MA 01060
(413) 587-0008

_____
Paul C. Rapp, Esq.
Mass BBO #653858
Attorney for Plaintiff Jurek Zamoyski
348 Long Pond Road
Housatonic, MA  01236
(413) 553-3189

9